IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

SEP 1 8 2007

CLERK, U.S. DISTRICT COURT
By _____
       Deputy

PATRICK WALSH,                    §
                                  §
          Plaintiff,              §
                                  §
VS.                               §   NO. 4:07-CV-381-A
                                  §
AMERICAN AIRLINES, INC.,          §
                                  §
          Defendant.              §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of plaintiff,
Patrick Walsh, to remand.  After having considered such motion
and related items, the court has concluded that it should be
granted.

Plaintiff brought suit against defendant, American Airlines,
Inc., in state court asserting causes of action based on alleged
violations by defendant of the Texas Commission on Human Rights
Act of 1983 ("TCHRA"), as amended, Tex. Lab. Code Ann. § 21001,
et seq.  He alleged that defendant discriminated against him on
account of his gender, and retaliated against him in violation of
TCHRA.  Plaintiff alleges that he took the appropriate steps
leading to the filing of his action, including the filing of a

charge of discrimination with the Texas Commission on Human Rights.

Defendant removed the action to this court, maintaining that this court has subject-matter jurisdiction under 28 U.S.C. § 1331 because at least one of plaintiff's claims is completely preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 181. Defendant alleges that the National Mediation Board has certified the Association of Professional Flight Attendants ("APFA") as the statutory collective bargaining representative for defendant's flight attendants and that defendant and APFA are parties to a collective bargaining agreement ("CBA") covering defendant's flight attendants, which governs rates of pay, rules, or working conditions of bargaining unit members. According to the notice of removal, this court has federal jurisdiction over plaintiff's claims because they arise out of a grievance and/or require the interpretation or application of the CBA. Defendant says that some of the facts upon which plaintiff bases his claims served in April 2006 as the basis for a grievance filed by plaintiff and, which was pursued by APFA on behalf of plaintiff under the authority of the grievance procedures contained in the CBA.

Plaintiff maintains in the motion to remand that he has asserted nothing but state-law claims and that none of them requires any interpretation of the CBA. The motion to remand is accompanied by an affidavit of plaintiff in which he states that he was a member of a non-union work group at defendant when he was subjected to the conduct of which he complains in this action, and that he was not covered by the CBA at the time he was subjected to that conduct.

On the date of the signing of this memorandum opinion and order the court had a telephone conference/hearing with counsel on the motion to remand. After having considered comments of counsel, the court is satisfied that plaintiff, as a supervisory employee, was not subject to the CBA at the time of the conduct of which he complains. Plaintiff and defendant, through counsel, each acknowledges that plaintiff was not subject to the CBA at any pertinent time, and that none of the rights he asserts are derived through the CBA. Defendant's counsel made the point that plaintiff asserted in the grievance he filed and in his complaint to the Texas Commission on Human Rights that he did have the right under the CBA to be returned to line flight-attendant status, and that defendant breached the CBA by not returning him

to that status. According to counsel for the plaintiff, plaintiff is not taking such a position in this action. Instead, according to counsel, plaintiff recognizes that he has no rights under the CBA that could be enforced in this action or by any other means. Apparently defendant is in full agreement with plaintiff on those subjects. Therefore, the court concludes that plaintiff's claims in this action do not arise out of a grievance and/or require the interpretation or application of the CBA. Consequently, none of the claims are preempted by RLA, with the result that defendant's alleged basis for federal court jurisdiction fails.

Therefore,

The court ORDERS that the above-captioned action be remanded to the state court from which it was removed.

SIGNED September 18, 2007.

JOHN McBRYDE
United States District Judge